THE UNITED STATES BANK v. JAMES W. SOUTHARD.

NOTE.   The following statement and brief in the preceding case, were received after the opinion of Justice Nevius was put to press.

This was an action brought against the defendant as indorser of a promissory note, and was tried at the Somerset Circuit in April, 1838.   The following is a statement of what took place at the time of the trial, from the notes of Justice Ford.

BY THE COURT.   To judge whether the indorser has made a waiver of demand and notice, we must know the facts.   Let the witness proceed.

*W. Thompson, Esq.* further testified : In March, 1837, upon receiving this note for collection, I called on the defendant and showed it to him ; he admitted the execution of the note and the indorsement to be genuine. I told him I was directed to call on him for payment of it, he said he would pay it as soon as he could raise the money, that he had no dependence on his brother Dan to pay it ; that he had been informed by his uncle, that the note lay over unpaid, and he had expected it to be sent on for collection before this time. I told him, he must come and sign his appearance to a writ, and he did so. He asked me to inquire for the indorser subsequent to him, whose name was indorsed in blank, and is so still. I did not understand from him that payment had been duly demanded of the maker, or that the defendant had received any notice of non-payment, except from his uncle.

The Court said. If the defendant had not received due notice of non payment, he must have been cognizant of that at the time he made the promise. Whether the promise was a waiver of evidence to show a demand on the maker of the note, or equivalent to proof of it under the circumstances detailed, was a question of law, that might be settled at bar. The Court therefore recommended that a verdict be taken for the amount of the note and interest to the 2d Tuesday in May next, in order to save the cause from the expense of being brought again to the Circuit, and that the defendant have leave at bar, to move that the verdict be set aside and a nonsuit entered.

The jury found for the plaintiff, $300 damages, and six cents costs.

On the return of the postea, a rule to show cause was entered ; and at the term of February, 1840, the same was argued.

*James S. Green* for plaintiffs. A promise to pay, admits the existence of every thing necessary to render him liable, and cited 2 *Camp.* 188 ; 4 *Camp.* 52 ; 6 *Moore,* 319 ; 16 *John. R.* 154 ; 17 *Com. Law* ; 319.

A mere promise to pay, made after notice of facts and laches of holder, though the party making it, misapprehended the law, is sufficient to bind the drawer or indorser. 12 *East,* 39.

There is a distinction between the ignorance of facts, and of the law. The first excuses, the last does not. 2 *East,* 471.

The defendant in this case, knew that payment had not been made by the maker, and that he had not received notice of non-payment, and this distinguishes this case from the case of *Barkalow* v. *Johnson et al.*, 1 *Harr.* 400, where the defendant was ignorant of the facts of the case.

*S. R. Hamilton* contra—relied on the case of *Barkalow* v. *Johnson et al.*, 1 *Harr.* 400.